**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KIARA SMITH
ADC # 107225                                                                                         PLAINTIFF

V.                                       5:08CV00096 JLH/JFF

LARRY NORRIS *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District

1

        Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

On April 4, 2008, Plaintiff, a prisoner incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction, initiated this action by filing a *pro se* Complaint, pursuant to 42 U.S.C. § 1983. Because the vast majority of Plaintiff's claims in the instant case are simply recitations of those claims previously raised by Plaintiff in *Smith v. Norris et al.*, 5:07CV00086 WRW, (which were dismissed by this Court and are currently on appeal to the Eighth Circuit Court of Appeals), while the remainder fail to state a claim for relief, the undersigned recommends that Plaintiff's cause of action be dismissed with prejudice.

### II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

### III. Evaluation of Plaintiffs' Claims

Plaintiff has long sought "mental health care" for his alleged "inability" to stop masturbating in public, which has resulted in a string of disciplinary violations. He has named twenty-nine defendants and listed approximately forty "counts" to his Complaint, but the Court will address them by grouping by category as follows:

**A. Denial of mental health care treatment**

Plaintiff alleges that Defendants Larry Norris, Arkansas Department of Correction director; Assistant Director Ray Hobbs; Varner Super Max Warden Grant Harris; Assistant Wardens Kim Luckett and Brooks Parks; Minnie Drayer, Justine Minors, and James Coody, disciplinary hearing officers; James Gibson, hearing officer administrator; grievance officer Debra Hampton; Dr. Abesie

Kelly and Dr. Edward Engstorm; Captain Thomas Rowland; mental health counselor Willie Hampton; classification officers Ravonna Walker; correctional officers Sandra Stratton and Keniquetrix Strain; mental health psychologist Vanita King and mental health counselor Mary E. Gunter have all conspired together and acted individually to deny him mental health care for his "serious sexual addiction" problems, including rejecting his applications to the Reduction in Sexual Victimization Program (RSVP) because he is not a criminal sex offender.[1]

Review of Plaintiff's Complaint, from the facts alleged and the dates of the occurrences, reveals that most all of these are the exact same claims that he raised in *Smith v. Norris et al.*, 5:07CV00086 WRW. Plaintiff's claims against Defendants Drayer, Harris, Gibson, Norris, Coody, Minors, Walker, Abesie Kelly, Rowland, Kim Luckett, Stratton, Debra Hampton, Willie Hampton, and Parks were all dismissed by this Court at various stages of the proceedings. *See* docket entries # 79 and # 126. Plaintiff has appealed the dismissal of his case, and that appeal is pending before the Eighth Circuit Court of Appeals (docket entry #134). Therefore, this Court simply has no jurisdiction to consider those claims against those Defendants, and recommends that Plaintiff's claims against Defendants Drayer, Harris, Gibson, Norris, Coody, Minors, Walker, Abesie Kelly, Rowland, Kim Luckett, Stratton, Debra Hampton, Willie Hampton, and Parks be dismissed as duplicative.

As to Plaintiff's claims against Defendants Hobbs, Engstorm, King, Strain, and Gunter, who were not named as Defendants in Plaintiff's first suit, Plaintiff still has failed to state a claim. Neither Hobbs nor Strain are medical personnel involved in the treatment decisions made by the

---

[1] Plaintiff's convictions leading to his incarceration are for property crimes: theft of property and burglary.

Unit's medical staff; they lack medical expertise and cannot be held liable for the medical staff's diagnostic decisions. *Keeper v. King*, 130 F. 3d 1309, 1314 (8th Cir. 1997); *Camberos v. Branstad*, 73 F. 3d 174, 176 (8th Cir. 1995).

Plaintiff's claims regarding access to the RSVP program were raised, and addressed, in his previous and current litigation – attributing the decisions to newly-named Defendants does not change that the issue is currently being litigated in another case.  Furthermore, the Eighth Circuit has held that there is no constitutional liberty interest in participating in a treatment program such as RSVP even when that treatment is required as a condition of parole.  *See e.g., Jones v. Moore*, 996 F. 2d 943, 945-46  (8th Cir. 1993).

Lastly, Plaintiff's allegations against Defendants Engstorm and King are, at their broadest, that Defendant King responded to his grievances concerning his desire for mental health care, and that Defendant Engstorm met with him for counseling and warned (or "threatened him," as Plaintiff describes) that he would "make [Plaintiff's] life a living hell" if he didn't follow directions. Obviously Defendant King has not, based on the facts pleaded by Plaintiff, caused injury to Plaintiff. As for Defendant Engstorm, Plaintiff states that the defendant "constantly stress[ed that] I don't have a problem and my diagnosis weren't accurate and that he wasn't going to do anything about my problem."  Plaintiff contends, in this case and in *Smith v. Norris et al.*, 5:07CV00086 WRW, that he suffers from "sexual addiction" and may even be arguing that he should be provided with more and better pornographic materials because of his "high sexual drive and dull imagination."  Clearly this indicates, even at screening, a disagreement over the course of treatment, as this issue was fully addressed by the district court in Plaintiff's previous and currently pending litigation.

**B. Disciplinary Convictions and Retaliatory Discipline**

Plaintiff has also raised, again, claims that because the defendants have not adequately treated his mental health conditions, he has not been able to control his behavior, which has resulted in his numerous disciplinary convictions. This issue was fully addressed in the previous case, where the Court found that to the extent that Plaintiff complained about his disciplinary charges and convictions, the issue fell within the context of *Edwards v. Balisok*, 117 S.Ct. 1584 (1197) and *Heck v. Humphrey*, 114 S.Ct. 2364. In *Balisok*, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good-time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. *Id.* at 1587.

By seeking injunctive and monetary relief, Plaintiff here (and in his preceding case) is challenging the results of the disciplinary hearing, which would necessarily imply the invalidity of the disciplinary violations and resulting punishments. Those claims in the previous case were dismissed without prejudice to Plaintiff's right to reassert them in a section 1983 action should his disciplinary convictions be invalidated by a state tribunal or federal court. But there is no claim, nor even any suggestion, that Plaintiff's disciplinaries have been so invalidated, and therefore it would serve no purpose for the Court to convert Plaintiff's Complaint to a § 2254 *habeas* petition.

Plaintiff also argues that his disciplinary charges, all of which appear to have been for indecent exposure and/or masturbating in public, were written in retaliation, although for what action he is being retaliated against is not clear. The Eighth Circuit Court of Appeals has "long recognized an inmate's cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a

prison official files disciplinary charges in retaliation for the inmate's exercise of his constitutional rights." *Moore v. Plaster*, 266 F.3d 928, 931 (8th Cir.2001). Moreover, "the alleged manifestations of defendants' retaliation (such as less favorable treatment) need not themselves amount to constitutional violations [because] [t]he violation lies in the intent to impede" the inmate's constitutional rights. *Madewell v. Roberts*, 909 F.2d 1203, 1206-07 (8th Cir.1990); *accord Cody v. Weber*, 256 F.3d 764, 771 (8th Cir.2001)("Conduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason.")(citing *Madewell*).

In order to establish his claim of retaliation, Plaintiff must demonstrate that the Defendants retaliated against him for exercising a constitutional right and that the constitutionally-protected conduct was the sole motivating factor for the alleged retaliatory acts. *Rouse v. Benson*, 193 F. 3d 936, 940 (8th Cir. 1999). However, as the Eighth Circuit Court of Appeals has explained, "[C]laims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995). Thus, a defendant may successfully defend a retaliation claim by showing "some evidence" that the inmate actually committed a rule violation. *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir.1993), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 817 (1994); *see also Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Clearly Plaintiff's actions giving rise to the disciplinary charges did amount to an actual violation of a prison rule, so he cannot argue he was exercising a constitutionally-protected right. Furthermore, given that Plaintiff has not denied the validity of the charges and has in fact asserted throughout his Complaint in this case (and in his preceding litigation) that he essentially does

masturbate and expose himself virtually all day long, the Court will take judicial notice of "some evidence" provided by Plaintiff himself that he actually committed these rule violations.

Therefore, Plaintiff's claims regarding his disciplinary convictions and retaliatory discipline should be dismissed, and Defendants Strain, Spencer, Miley, Ellis, Taylor, Manus, and Waddle should be dismissed from the case.

### C.  Medical Malpractice/Products Liability Claims

To the extent that Plaintiff seeks to raise state law medical malpractice claims against Defendants Doctors Ravi Mehta and Abesie Kelly, and mental health counselor Willie Hampton, for prescribing Paxil, which caused Plaintiff to suffer side effects, this too should be dismissed. Not only has this issue been thoroughly addressed in Plaintiff's currently pending case that is on appeal to the Eighth Circuit Court of Appeals, it raises issues of state law that this Court should decline to accept under pendant jurisdiction.

### D.  Access to telephones

Plaintiff also alleges that Defendant Kim Luckett, assistant warden, "intentionally tried to stop [him] from using the telephone through disconnected phone jacks throughout the first tier of cellblock 6." Plaintiff has not alleged any specific injury that would amount to a constitutional violation as a result of these actions, and therefore this claim should be dismissed.

### E.  Access to Courts

Plaintiff alleges that Defendant Captain Thomas Rowland was responsible for a change in law library usage which restricted inmates to requesting only Arkansas cases, not federal court cases. In *Walton v. Toney*, 44 Fed. Appx. 49, 2002 WL 1941590 (8th Cir. August. 21, 2002), the Eight Circuit Court of Appeals, citing *Lewis v. Casey*, 518 U.S. 343 (1996), noted that "to prevail on an

access-to-courts claim, an inmate must show actual injury, that is: 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim'; [or] 'demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded.'" Plaintiff makes no such claim, nor does it appear from the Court's docket that he has suffered impediment to a nonfrivolous legal claim.  This claim, too, should be dismissed.

### F.  Denial of Grievance Appeals

Plaintiff has raised various claims that Defendants have denied his grievance appeals in violation of his constitutional rights. However, there is no constitutional right to an intra-prison grievance system and that the failure to investigate or respond to a prisoner's grievances is not actionable under 42 U.S.C. § 1983.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(finding no constitutional right violated by failure to process grievances).

### G.  Threats

Plaintiff has also charged various Defendants with making threats against him, including that Defendant Dr. Engstorm threatened him if he did not comply with treatment, and that Defendant Randall Manus threatened him with criminal charges for indecent exposure if he continued to violate prison rules.  Generally, verbal abuse and threatening conduct is not actionable under § 1983.  *See Martin v. Sargent*, 780 F.2d at 1338.   The Eighth Circuit has held that a threat amounts to a constitutional violation only when it is so brutal or wantonly cruel as to shock the conscience.  *See Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986).

Plaintiff has not alleged a single instance of injury as a result of the alleged actions by either Defendant.  It is not sufficient to state a claim to allege that one has been threatened with injury; Plaintiff must state a specific and concrete injury he has suffered as a result of the action of

9

Defendants. Therefore, the Court recommends a finding that Plaintiff has failed to state a claim as to his allegations of threats.

### H.  Challenge to Constitutionality of Ban on Pornography

Plaintiff has also raised a challenge to the Arkansas Department of Correction's ban on pornographic images. Plaintiff does not cite any specific or particular piece of literature or material that he seeks to possess; instead, he argues that his "dull imagination" means that, "as a therapeutic measure," "sexually arousing publications" could only "help" his rehabilitation. Courts have held that the converse is true: that the application of a restriction on an inmate's possession of sexually explicit written materials is reasonably related to the legitimate penological interest in rehabilitation. *Frink v. Arnold*, 842 F. Supp. 1184 (S.D. Iowa 1994), *aff'd*, 43 F.3d 673 (8th Cir. 1994). Plaintiff's argument is, at best, frivolous, and should be dismissed for failure to state a claim.

### I.  Conspiracy

Lastly, Plaintiff has argued throughout his Complaint that all of the named Defendants have conspired in a grand scheme to deprive him of needed mental health care and subject him to unwarranted disciplinary actions. Because Plaintiff has failed to state cognizable claims as to the above issues, he has similarly failed to support his allegations as to a civil conspiracy amongst the Defendants. To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show that: 1) the defendant conspired with others to deprive him or her of a constitutional right; 2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and 3) the overt act injured the plaintiff. *Askew v. Millerd,* 191 F.3d 953, 957 (8th Cir.1999). Even assuming for the sake of argument that Defendants have engaged in all the acts alleged in his Complaint, Plaintiff has not suffered the deprivation of a constitutional right.

### III. Conclusion

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 5th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).